IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN BUNDY                              *
         Petitioner,
    vs.                                 *    CIVIL ACTION NO. WDQ-11-1165
                                             CRIMINAL NO. WDQ-08-0226
UNITED STATES OF AMERICA                *
         Respondent.
                                      ***

## MEMORANDUM

Sean Rondell Bundy ("Bundy") entered a guilty plea to one count of conspiracy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. § 846. He was sentenced on April 26, 2011 to a total of 292 months imprisonment in the Bureau of Prisons and a 10-year term of supervised release. Criminal judgment was entered on April 27, 2011. On April 27, 2011, Bundy noted an appeal. The United States Court of Appeals for the Fourth Circuit appointed counsel to represent Bundy on May 3, 2011. *See United States v. Bundy*, Court of Appeals No. 11-4464 (4th Cir. 2011).

On May 3, 2011, the Court received for filing Bundy's self-represented "Motion to Modify Sentence." As the Motion attacks the legality of Bundy's sentence, it has been construed as a 28 U.S.C. § 2255 motion to vacate, dated April 31, 2011. *See United States v. Bundy*, Criminal No. WDQ-08-0266 (D. Md.) at ECF No. 133; *see also Bundy v. United States*, Civil Action No. WDQ-11-1165 (D. Md.). Bundy argues that the prosecution erred in designating his prior state conviction for resisting arrest as a crime under the Armed Career Criminal Act ("ACCA").

Absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case on direct appeal is pending. *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); Although this general rule is not a jurisdictional bar, the orderly administration of criminal law

precludes consideration of a § 2255 motion absent extraordinary circumstances. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

Bundy's appeal remains pending. Therefore, any motion to vacate is premature. *See McIver v. United States*, 307 F.3d 1327, 1331 n. 2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending because direct review relief may render moot the issues also raised on collateral review); *Walker v. Connor*, 72 F. Appx. 3 (4th Cir. 2003) (recognizing that § 2255 motion is premature when direct criminal appeal is pending). Bundy has not alleged any extraordinary circumstances warranting review of the Motion. Consequently, the Motion to Vacate will be dismissed without prejudice by separate Order.[1]

Date: 5/11/11

William D. Quarles Jr.
United States District Judge

---

[1] Bundy is free to re-file his 28 U.S.C. § 2255 Motion upon completion of the appeal process. He is forewarned that a one-year statute of limitation applies to a motion filed under 28 U.S.C. § 2255. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been made discoverable through the exercise of due diligence.